**In re Jon B. SEAL, Traci D. Seal, Debtor.**

**No. 01–60214.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

Jan. 20, 2004.

John F. Cannizzaro, Marysville, OH, for Debtors.

Frank M. Pees, Worthington, OH, Chapter 13 Trustee.

## OPINION AND ORDER ON MOTION FOR ORDER DIRECTING THE CHAPTER 13 TRUSTEE TO REFUND MONEY PAID INTO TRUST FOR DEBTORS' LIVING EXPENSES TO DEBTORS

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court on an expedited basis, to consider a motion filed by the debtors seeking a refund from the Chapter 13 trustee for funds previously paid into their confirmed Chapter 13 plan. The trustee opposed the Motion, and the Court heard the matter on January 8, 2004.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this District. This is a core proceeding which this bankruptcy judge may hear and determine under 28 U.S.C. § 157(b)(2)(A).

On November 19, 2001, the Court confirmed the Chapter 13 plan proposed by debtors Jon and Traci Seal. That plan proposed to pay $2,000.00 per month for 12 months; $2,100.00 per month for 12 months, and $2,200.00 per month for the remaining term of the plan. Unsecured creditors were to receive a 5% dividend. The plan payments were to be disbursed by the trustee for attorney fees, secured and unsecured claims. Included in the secured claims is a debt to National City Bank for an automobile and a long term debt to Chase Manhattan Mortgage Corp. ("Chase") for the mortgage on the debtors' residence. The trustee was to disburse the monthly mortgage payment each month and cure the pre-petition default of approximately $9,500.00.

On October 15, 2003, the debtors sought to sell their residence because Mr. Seal's job required the family to move to Dallas, Texas. The proposed sale, approved by the Court on November 21, 2003, was to pay in full Chase's lien, now held by SFJV–2002–1, LLC.

On December 12, 2003, the debtors moved to modify their confirmed plan by reducing their monthly payments to $400.00. That reduction was prompted by the payment of the mortgage debt, including the arrearages, through the sale proceeds. The Court approved that modification on January 9, 2004.

On December 23, 2003, the debtors filed the motion now under consideration. Essentially, they seek a refund of all monies paid to the trustee since early November in excess of the $400.00 per month authorized by the recent modification. Their argument is that the trustee should not have continued disbursement to creditors other than Chase from any funds which previously would have been paid to Chase un-

der the plan. They argue that the monthly mortgage amount was earmarked only for Chase (or its successor) and should have been held and returned to the debtors once the sale of the residence was contemplated. They also allege that an employee of the trustee affirmed this understanding.

The trustee argues that he is bound to disburse funds as provided by the plan until the plan has been modified. He concedes that he stopped payments to Chase once the real estate sale was ready for closing, but denies that the debtors' payments were earmarked under the plan in any fashion. The trustee further maintains that, until the plan was modified, it was his duty to use the funds paid into the plan to pay all allowed claims in the priority established in the confirmed plan. The trustee thus has already paid out most of the funds sought by the debtors' motion and opposes any requirement to recover such payments.

The Court finds that the plan in this case, as confirmed, did not specifically designate a discrete portion of that payment to be used only for the regular ongoing mortgage payments. Nor did it propose to sell the residence and then decrease the amount to be paid to the trustee. Once the debtors needed to move to another part of the country to fulfill Mr. Seal's job requirements, they should have sought to amend their plan. Such a modification should have contemplated and authorized the sale of the residence, subject to Court approval of the specific terms of any contract for sale. It also should have reduced the debtors' monthly payments to the trustee once the mortgage claim had been satisfied through the sale of the real property. Without such an amendment, the trustee was required under the terms of the confirmed plan, to continue distribution to creditors of all payments being paid

by the debtors. It made sense, from a practical perspective, to temporarily discontinue payments to the mortgage holder pending the sale rather than have to recover an overpayment. Even such an accommodation, however, is only temporary, pending Court approval of a modified plan.

Based on the foregoing, the debtors' Motion for Order Directing the Chapter 13 Trustee to Refund Money Paid Into Trust for Debtors' Living Expenses to Debtors is **DENIED**.

**IT IS SO ORDERED.**